This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

**v.**　　　　　　　　　　　　　　No. 33,625

**JOSE ORTEGA-LEAL,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}　　　Defendant Jose Ortega-Leal filed a docketing statement, appealing from his conviction of homicide by vehicle (driving while under the influence of intoxicating liquor or any drug), contrary to NMSA 1978, Section 66-8-101 (2004) [RP 230–33,

241], and raised three issues for our consideration on appeal. [DS 7] In this Court's notice of proposed disposition, we proposed to affirm. [CN 1] Defendant timely filed, after extension granted, a memorandum in opposition. We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we affirm Defendant's conviction.

**Admissibility of Expert Testimony**

{2}     Defendant continues to argue that the expert testimony on reverse extrapolation should not have been admitted. [MIO 2–5] In Defendant's docketing statement, Defendant's argument focused on whether the expert was properly qualified to testify regarding reverse extrapolation. [DS 7] In our calendar notice, we proposed to conclude that Defendant did not preserve that argument. [*See* CN 2–3] We further suggested that, if Defendant instead intended to argue that the expert lacked relevant knowledge, as he argued below [*see* RP 122–24], Defendant failed to show error on the part of the district court because the expert's factual assumptions were supported by evidence found in the record, circumstantial or otherwise. [*See* CN 4–6]

{3}     In his memorandum in opposition, Defendant clarifies that his argument on appeal is that the expert's testimony should not have been admitted because the testimony is not reliable, which argument was preserved in the motion to strike, below. [MIO 2] In support of this argument, Defendant continues to argue that the

expert was "forced to make several assumptions that severely undercut the reliability of the retrograde extrapolation." [MIO 4] As we explained in our calendar notice, however, experts are permitted to base their opinions regarding reverse extrapolation on factual assumptions, so long as those assumptions are supported by evidence in the record. [CN 3–5] *See State v. Downey*, 2008-NMSC-061, ¶¶ 25, 32, 34–35, 145 N.M. 232, 195 P.3d 1244. As explained more fully in our calendar notice, the expert's assumptions were supported by evidence in the record, his reliance on such evidence was permissible, and the expert's analysis was, therefore, admissible. [CN 4–6] *See id.* ¶¶ 32, 35. Consequently, for the reasons stated herein and in our calendar notice, we hold that the district court did not err in admitting the expert testimony.

**Insufficiency of the Evidence**

{4}    Defendant continues to argue that there was insufficient evidence to support his convictions. [MIO 5] Defendant has not raised any points in his memorandum in opposition that were not otherwise addressed in our calendar notice [*see* CN 7–9], except for stating that, "[w]ithout the improper extrapolation testimony, there was no evidence [Defendant] was impaired and caused the accident." [MIO 6] As we have determined that the extrapolation testimony was not improper, *see* above, the argument is unavailing. Accordingly, for the reasons stated herein and in our calendar

notice, we hold that there was sufficient evidence with which to support Defendant's conviction.

**Ineffective Assistance of Counsel**

{5}     Defendant continues to argue that he was provided ineffective assistance of counsel. [MIO 6] Defendant has not raised any points in his memorandum in opposition that were not otherwise addressed in our calendar notice [*see* CN 9–10], except for setting forth New Mexico case law regarding the appropriateness of habeas corpus proceedings when an ineffective assistance of counsel claim relies on facts not contained in the record. [*See* MIO 7–8] For the reasons stated in our calendar notice, we decline to reverse Defendant's conviction based on his ineffective assistance of counsel claim. We express no opinion as to the effect, if any, our decision may have on Defendant's ability to raise this issue in habeas proceedings.

{6}     To conclude, for all the reasons stated above and detailed in this Court's notice of proposed disposition, we affirm Defendant's conviction of homicide by vehicle (driving while under the influence of intoxicating liquor or any drug).

{7}     **IT IS SO ORDERED.**

**CYNTHIA A. FRY, Judge**

4

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**